# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CLINTON C. BARLOW,**

    **Plaintiff,**

vs.                        Case No. 4:09cv23-MP/WCS

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has submitted an *in forma pauperis* application, docs. 3, 6, and a document entitled, "Emergency Writ of Mandamus." Doc. 1. Plaintiff seeks to prevent the federal government from withholding his social security benefits, and argues that his student loan was discharged in bankruptcy. Doc. 1. Plaintiff states that his bankruptcy case was litigated in Jacksonville, Florida, and Plaintiff currently resides in Jacksonville, Florida.

Because Jacksonville is located in the Middle District of Florida, and the relevant documentary evidence for this proceeding will be in Jacksonville, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division. That court is in the

better position to determine these issues and rule on the *in forma pauperis* motion, doc. 6.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 29, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:09cv23-MP/WCS